UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0426-B-11 |
| | § | |
| ANDRES CHAVEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Andres Chavez's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) for Immediate Release (Doc. 369). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

I.

BACKGROUND

Andres Chavez pleaded guilty to one count of possession with intent to distribute a controlled substance. Doc. 268, J., 1. On July 31, 2019, he was sentenced to 240 months in prison with three years of supervised release. *Id.* at 1–3. Currently, Chavez is thirty-three years old and has served approximately twenty-four percent of his sentence with a release date of September 22, 2035.[1] He is being held at the BOP's Federal Correctional Institute (FCI) Texarkana which, as of August 3,

---

[1] The Court accessed Chavez's inmate information from the inmate locator information found at the Bureau of Prisons (BOP)'s website, https://www.bop.gov/inmateloc/.

-1-

2020, has three cases of COVID-19 among staff members.[2]

Chavez states his current circumstances create "extraordinary and compelling reasons" that warrant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* § 3582(c)(1)(A)(i); Doc. 369, Def.'s Mot., 1. He alleges that he is "vulnerable to COVID-19" and "it is only a matter of time before COVID-19 finds its way into FCI Texarkana . . . ." Doc. 369, Def.'s Mot., 9–10. Further, he alleges that his "age render[s] him particularly susceptible to an unreasonable risk of death and an inability to take preventative measures. . . ." *Id.* at 9. Included with his motion is an affidavit from Brie Williams, M.D., who generally states that prisoners are more susceptible to disease as they are in close quarters, *see id.* at 14–21; a statement from Attorney General William Barr reviewing the overall status of COVID-19 in prisons, *see id.* at 22–26; and a memo from the BOP about prioritization of home confinement, *see id.* at 27– 28. For the reasons set forth below, the Court **DENIES** Chavez's motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting

---

[2] The Court accessed these statistics from the BOP's COVID-19 statistics page, found at https://bop.gov/coronavirus/.

§ 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by [the] BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

The Court finds that Chavez has not exhausted his administrative remedies at the BOP. And even assuming he had, § 3582 does not warrant a sentencing reduction or compassionate release based on the merits of Chavez's motion.

A. *Chavez Has Failed to Provide Proof of Exhaustion of Administrative Remedies.*

A defendant cannot bring a motion for compassionate release under § 3582(c)(1)(A) until after he has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). Chavez admits he has not satisfied this exhaustion requirement and asks the Court for a waiver of the requirement, because

"due to the emergency nature of this filing[,] time may not permit full exhaustion before fatalities ensue." Doc. 369, Def.'s Mot., 2.

The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between district courts on whether the exhaustion requirement may be waived). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Chavez's motion, Chavez has not shown extraordinary and compelling reasons for release. As a result, the Court concludes Chavez has not demonstrated circumstances justifying an exception to the exhaustion requirement either.

Due to Chavez's failure to meet the exhaustion requirement under § 3582(c)(1)(A), the Court **DENIES** Chavez's motion for compassionate release **WITHOUT PREJUDICE** to re-filing upon exhaustion of all administrative appeals or a thirty-day lapse from the warden's receipt of his request for compassionate release.

B.  *Regardless of Exhaustion of Administrative Remedies, Chavez's Motion Fails to Provide Extraordinary and Compelling Reasons Warranting Compassionate Release.*

Aside from his failure to exhaust administrative remedies, Chavez has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A)(i). In determining the propriety of compassionate release, the Court must consider the consistency of the sentence with the "applicable policy statements issued by the Sentencing Commission[.]" *See* § 3582(c)(1)(A); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *5–6 (N.D. Tex. Apr. 23, 2020).

The policy statement relevant to compassionate release—U.S.S.G. § 1B1.13(1)(A)—elaborates on circumstances that are extraordinary and compelling, including an inmate's medical condition, age, and familial status. *See* U.S.S.G. § 1B1.13(1)(A) & cmt. 1.[3] In addition, the defendant must not pose a danger to the community. *See* U.S.S.G. § 1B1.13(2). However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See, e.g.*, *Lee*, 2020 US Dist. LEXIS 101815, at *10–11; *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do the same here.

Here, Chavez claims the totality of his circumstances put him at an "unreasonable risk of death . . . ." Doc. 369, Def.'s Mot., 9. He claims his age of thirty-three years old and the prison conditions at FCI Texarkana, combined with the spread of COVID-19, rise to the level of extraordinary and compelling circumstances warranting compassionate release. *Id.* However, in light of Chavez's lack of chronic health conditions, young age, and the overall COVID-19 pandemic, he does not offer "extraordinary and compelling reasons" required under § 3582(c)(1)(A)(i).

The general circumstances of the COVID-19 pandemic do not form a basis for compassionate release. The Court recognizes the unprecedented nature of COVID-19 and understands Chavez's

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" any of the other listed reasons "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1.

fear of contracting the virus. Nevertheless, incarcerated individuals nationwide face Chavez's same circumstances. Thus, general statistics related to COVID-19 fail to demonstrate extraordinary reasons specific to Chavez. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). "[T]he mere existence of COVID-19 in society . . . cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597 (citation omitted).

Without minimizing the seriousness of the COVID-19 pandemic, the Court notes that Chavez is held at FCI Texarkana, which only has three cases of COVID-19 among staff members. *See supra* at 1. Therefore, with only generalized COVID-19 commentary, a low COVID-19 prevalence at FCI Texarkana, and a lack of underlying health conditions, Chavez's motion does not establish extraordinary and compelling circumstances. *Cf. Lee*, 2020 US Dist. LEXIS 101815, at *11 ("Lee's older age and, moreover, his *preexisting medical conditions* . . . and his recent hospitalization . . . combined with the *rapid spread of COVID-19 at FCI Oakdale*, persuade the Court that he 'presents an extraordinary and compelling reason for compassionate release . . . .'") (emphasis added).

In addition, before granting compassionate release, § 3582 requires the Court to consider the factors set forth in § 3553(a). *See* § 3582(c)(1)(A); *Lee*, 2020 U.S. Dist. LEXIS 101815, at *5–6. Section 3553 advises the Court to consider the defendant's threat to the community. *See* § 3553(a)(2)(c). Also included are other factors to consider, such as "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed. . . ." *See* § 3553(a). While the Court does not need to analyze these factors at this time, the

Court advises Chavez that he has only served a minimal amount of his sentence, and this may weigh against his release when reviewing the § 3553(a) sentencing factors.

## IV.

## CONCLUSION

Chavez's request for compassionate release under § 3582(c)(1)(A) fails, because he has not exhausted his administrative remedies. Assuming he had satisfied the exhaustion requirement, Chavez lacks extraordinary and compelling reasons for compassionate release at this time. For both of these reasons, the Court **DENIES** Chavez's motion (Doc. 369) **WITHOUT PREJUDICE**.

By denying Chavez's motion without prejudice, the Court permits Chavez to file a subsequent motion for compassionate release in the event that he can establish: (1) that he has satisfied the exhaustion requirement under § 3582(c)(1)(A), and (2) that his circumstances rise to the level of extraordinary and compelling.

**SO ORDERED.**

**SIGNED: August 5, 2020.**

*[signature]*

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE